UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| ALLEN R. LEWIS | : | DOCKET NO. 2:07-cv-603<br>Section P |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JOE YOUNG, WARDEN | : | MAGISTRATE JUDGE WILSON |

**REPORT AND RECOMMENDATION**

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Allen R. Lewis, pursuant to 28 U.S.C. § 2241. By this petition, petitioner challenges a disciplinary proceeding which resulted in the loss of 40 days good time credit. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

**FACTS**

In 1992, petitioner was convicted in the United States District Court for the Central District of California of three counts of Conspiracy to Possess with Intent to Distribute Cocaine Base and Cocaine. *See* Government Exhibit B. For these offenses, he was sentenced on June 3, 1992 to 262 months imprisonment to be followed by a 5 year term of supervision. *Id.* His current projected release date is October 17, 2010.

Petitioner is currently confined in the Federal Correctional Complex in Oakdale, Louisiana. Prior to being housed there, petitioner was serving his sentence in the Taft Correctional Institute in Taft, California. While at Taft, petitioner received an incident report dated January 29, 2006 which charged him with violating "Code 199, most like 108A." *See* Government Exhibit A-1. These codes

correspond to the disciplinary charges of Conduct which Disrupts the Orderly Running of the Institution (199) and Aiding and Abetting the Use of a Hazardous Tool (108A). The incident report describes the prohibited conduct as "Aiding and Abetting the use of a cell phone" and states that on January 28, 2006, prison officials were walking toward cubicle 53 when petitioner walked out of cubicle 53 towards them and asked if he could show them something in the front of the dorm. The prison officials answered "no" and entered cubicle 53 where a cell phone was found. The prison officials determined that petitioner was attempting to divert their attention away from cubicle 53 where the cell phone was found and thereby aiding and abetting the use of a cell phone. Petitioner was placed in the SHU. *Id.*

A copy of the incident report was delivered to petitioner on January 29, 2006. On January 31, 2006, the Unit Disciplinary Committee (UDC) considered the charges lodged against petitioner and his denial of the same and concluded that the matter should be referred to the Disciplinary Hearings Officer for further hearing due to the seriousness of the charges. The UDC recommended the loss of good time credit and disciplinary segregation if petitioner was found guilty. *Id.*

That same date, petitioner was served with a Notice of Discipline Hearing and advised of his rights as an inmate charged with violating a BOP rule or regulation. *See* Government Exhibit A-2. Petitioner requested to have a witness called in his defense and to have a staff representative.

The disciplinary hearing was held on March 2, 2006. At the hearing, petitioner denied the charge, stating that he did not know Inmate Henderson (the inmate with the cell phone) well and that Inmate Marcus Dickerson had requested that he notify a member of the prison staff about the need to empty a bucket in the restroom. Inmate Dickerson testified that he did request someone to locate a staff member so that he could empty the bucket and that he empties the bucket every Monday and Friday. However, the DHO found that the because the incident occurred on a Saturday, the credibility

of both petitioner and Inmate Dickerson was impaired. In addition to the testimony of the petitioner and his witness, the DHO also considered the incident report and the sequence of events described therein, and all other evidence presented, including a photo of the phone which was seized, and concluded that the greater weight of evidence supported the charge that petitioner had engaged in the prohibited conduct of Aiding or Abetting the Possession, Manufacture, or Introduction of a Hazardous Tool (charge 108A). *See* Government Exhibit A ¶¶ 9-12; Exhibit A-2. For this offense, the DHO imposed the following sanction, 40 days disallowance of good conduct time and 30 days disciplinary segregation. The DHO explained that the sanctions were imposed to stress the seriousness of the offense because cell phones can be used in escape attempts and are connected to the threat of illicit drugs in the institution. *See* Exhibit A-2.

Petitioner filed this petition, claiming that he was not provided sufficient notice of the disciplinary charge and that there was insufficient evidence to support a finding of guilt in the disciplinary proceeding. Petitioner has exhausted the available administrative remedies with respect to this claim.

## LAW AND ANALYSIS

A due process claim is only cognizable when a recognized liberty or property interest is at stake. *Board of Regents v. Roth,* 92 S.Ct. 2701, 2705 (1972). Although the United States Supreme Court case of *Sandin v. Conner,* 115 S.Ct. 2293 (1995) limited the occasions in which a prisoner is entitled to due process protections in disciplinary hearings to instances where the prisoner is subjected to sanctions which "impose[] atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life," the Fifth Circuit has recognized that the loss of good time credit as a result of a disciplinary charge triggers the due process protections enunciated by *Wolff v. McDonnell,* 94 S.Ct. 2963 (1994). *Madison v. Parker,* 104 F.3d 765, 767 (5th Cir. 1997), citing *Murphy v.*

*Collins,* 26 F.3d 541, 543 n.5 (5th Cir. 1994); *see also Guillot v. Day,* 1997 WL 253126, *3 (E.D.La. 1997). Accordingly, before a federal prisoner can be deprived of good time credit, the Due Process clause of the Fifth Amendment of the United States Constitution requires that he be given certain procedural protections. *See Henson v. U.S. Bureau of Prisons,* 213 F.3d 897, 898 (5th cir. 2000); *Superintendent, Mass. Correctional Institution v. Hill*, 105 S.Ct. 2768, 2773 (1985), citing *Wolff v. McDonnell,* 94 S.Ct. 2963 (1974). At a minimum, the prisoner is entitled to (1) advance written notice of the disciplinary charges; (2) an opportunity to present evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Additionally, there must be "some evidence" which supports the disciplinary decision. *Hill,* 105 S.Ct. at 2772-75; *see also Von Kahl v. Brennan,* 855 F.Supp. 1413, 1418 (E.D. Pa. 1994).

Petitioner first claims that he was provided insufficient notice of the charged offense. The summary-judgment type evidence produced by the respondent indicates that petitioner was initially charged with violating two offense codes, to wit, 199 and 108A, and that petitioner was notified of both of these charges by the offense codes and the factual summary contained in the incident report. Petitioner takes issue with the fact that in addition to listing the offense codes, the incident report also describes the incident as "Aiding and Abetting the use of a cell phone." He contends that at the hearing he was prepared to refute the charge as described but that "after finding the use element missing", the DHO changed the charged offense to Aiding and Abetting the possession, manufacture, or introduction of a hazardous tool.[1] He argues that he was found guilty of this offense without the proper notice. However, a review of the incident report clearly supports a finding that petitioner was

---

[1] Although the DHO did amend the offense to simple aiding and abetting in violation of code 108A, the court finds taht this amendment merely resulted in the dismissal of one of the charged offenses and did not change the nature of the charges lodged against petitioner.

4

properly notified of the charges against him. No where in the incident report does it state that petitioner was in possession of a cell phone or that he used a cell phone or that Inmate Henderson used the cell phone. Petitioner was charged with and found guilty of assisting another inmate in the possession of a cell phone. The factual basis of his charge was clearly described and put petitioner on notice of the specific acts he would have to defend against. Accordingly, the court finds that petitioner's argument lacks merit.

Next, petitioner claims that the DHO did not have sufficient evidence to find him guilty of Aiding and Abetting the Possession, Manufacture, or Introduction of a Hazardous Tool. In support of this argument, petitioner presents a declaration from Inmate Henderson wherein he states that petitioner had no knowledge that Inmate Henderson was in possession of a cell phone and charger prior to it being found by prison officials. *See* Doc. 1, p.10. This statement was not offered by Inmate Henderson at the time of petitioner's disciplinary hearing and is not properly considered by the court in this proceeding.

In addressing the petitioner's challenge to the sufficiency of evidence to support his disciplinary conviction, the court must only consider whether the decision of the DHO to revoke good-time credit is supported by "some evidence." *Hill,* 105 S.Ct. at 2774. "This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . .' Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* (internal citations omitted). The findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995), citing *Smith v. Rabalais,* 659 F.2d 539, 545 (1981).

In this case, the DHO considered all of the evidence, including the sequence of events reported in the incident report and the testimony of petitioner and his witness, and found that the evidence supported a finding that petitioner approached the prison officials in an attempt to keep them away from cubicle 53 where Inmate Henderson had a cell phone. Because the DHO's decision is supported by "some evidence", this court finds that the decision is not arbitrary and capricious, and it should not be disturbed.

Accordingly,

IT IS RECOMMENDED that the petition for writ of *habeas corpus* be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, November 16, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE